UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

CATHERINE CAPONAS and DAVID CAPONAS, individually and as parents and natural guardians of D.C., a minor,

        Plaintiffs,

vs.

UNITED STATES OF AMERICA,

        Defendant.
_____/

## COMPLAINT

COME NOW, Plaintiffs, CATHERINE CAPONAS and DAVID CAPONAS, individually and as parents and natural guardians of D.C., a minor, by and through the undersigned counsel, sues the UNITED STATES OF AMERICA and alleges:

### COUNT I
### MEDICAL MALPRACTICE CLAIMS OF D.C.

1. This action arises under Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671-80.

2. The Court has jurisdiction pursuant to 28 U.S.C. § 1346(b)(1).

3. Venue is proper in the Southern District of Florida in the Ft. Pierce Division where negligent acts and omissions alleged herein took place.

4. Defendant, UNITED STATES OF AMERICA, is the proper party to this action under the Federal Tort Claim Act, supra, for the negligent acts and omissions of its agencies and their agents and employees. 28 U.S.C. § 1346(b)(1).

5. Florida Community Health Centers, Inc. is a FTCA deemed facility, a Health Center Program grantee under 42 U.S.C. 254b, and a deemed Public Health Service employee under 42 U.S.C. 233(g)-(n).

6. At all times material hereto, Dr. Kerri Daniels was an agent and/or employee of Florida Community Health Center, Inc. and acting in the course and scope of their employment or agency.

7. At all times relevant herein, Dr. Kerri Daniels was a physician duly licensed in the State of Florida.

8. Plaintiff has complied with all conditions precedent including but not limited to 28 U.S.C. § 2401 and Fla. Stat. ch. 766 and/or they have been waived including but not limited to Defendant's failure to provide a presuit affidavit from appropriate healthcare providers or engage in presuit discovery.

9. Plaintiffs have properly and individually presented their claims in writing to the appropriate Federal agency pursuant to 28 U.S.C. § 2401 including the submission of Form 95 which are attached hereto as Composite Exhibit "A" without enclosures. Department of Health & Human Services confirmed receipt thereof on July 30, 2019. Exhibit "B." On August 21 and 22, 2019, Plaintiffs' provided additional information to Defendant. Exhibits "C" and "D" (without enclosures). Plaintiffs' claims were deemed rejected by the expiration of time.

10. Accordingly, Plaintiffs exhausted their administrative remedies against the Department of Health & Human Services before filing a district court action against the

UNITED STATES OF AMERICA under 28 U.S.C. § 1346(b)(1). 28 U.S.C. § 2675(a).

11.  CATHERINE CAPONAS and DAVID CAPONAS, are the parents and natural guardians of D.C., a minor.

12.  At all times relevant herein, Defendant, through its healthcare providing agents and employees owed D.C. a duty of care.

13.  On December 19, 2017 at about 10:25 a.m., D.C., a six year old male, presented to St. Lucie Medical Center for nausea, vomiting and fever.

14.  The result of D.C.'s blood work showed:

   WBC 0.1 (range 5.0-15.0)

   RBC 2.19 (range 3.70-5.30)

   Hgb 6.1 (range 11-15)

   Hct 17.6 (range 33-43%)

   Plt Count 16 (range 150-400)

   PT 28.4 (ref range 9.4-12.5)

   INR 2.6

   aPTT 37.1 (ref range 25.1-36.5)

   POC Lactic Acid Ven 3.16 (0.40-2.00)

15.  D.C. was suffering from leukemia and sepsis.

16.  D.C. received crystalloid therapy and remained hypotensive.

17.  D.C. was in shock while at St. Lucie Medical Center.

CAPONAS v. UNITED STATES OF AMERICA
Complaint
Page 4/7

    18.    The pediatrician on-call, Dr. Kerri Daniels, was called and/or paged.

    19.    At 12:42 p.m., Dr. Kerri Daniels returned the call and/or page.

    20.    Dr. Daniels recommended transfer to a facility that handles oncologic pediatric patients but did not believe that D.C. would benefit from blood or platelets.

    21.    There is no evidence that Kerri Daniels examined D.C. or reviewed his medical records.

    22.    D.C. was transferred to another hospital.

    23.    D.C. subsequently went into cardiac arrest and suffered severe neurologic injuries.

    24.    The standard of care applicable to Dr. Daniels required that she order packed red blood cells for D.C. as he remained hypotensive and tachycardic after crystalloid therapy. Dr. Daniels should have physically examined D.C. and conducted a detailed review of his medical records before rendering any opinion. If such a decision was beyond her expertise, she should have refused to render any opinion thereon and instead advised St. Lucie Medical Center's Emergency Department to contact the facility to which he was being transferred (as recommended by both she and Dr. Willert). Under the circumstances, the standard of care applicable to her was not met by a telephone call.

    25.    Kerri A. Daniels MD deviated from the prevailing standard of care for physicians practicing pediatrics, in one or more of the following ways:

    a)    Opining that D.C. would not benefit from blood products;

    b)    Rendering such an opinion without examining the patient;

c) Rendering such an opinion without a detailed review the patient's medical records;

d) Failing to advise St. Lucie Medical Center's Emergency Department to contact the facility to which he was being transferred (as she and Dr. Willert recommended) to determine whether blood products were necessary;

e) Failing to adequately document and/or perform an adequate an appropriate consultation;

f) Failing to be consult with a specialist in pediatric oncology and/or hemotology regarding the need for transfusion;

g) Failing to timely adequately understand D.C.'s condition;

h) Failing to document D.C.'s condition;

i) Failing to provide adequate and appropriate healthcare.

26. As a result of the one or more of the above deviations of the prevailing standards of care proximately caused and/or substantially contributed, D.C. did not receive blood or blood products on a timely basis.

27. As a direct and proximate result of the above, D.C. suffered catastrophic neurological injuries, bodily injury and resulting pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, incurred expenses of hospitalization, medical, chiropractic and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a previously existing condition, disease or physical defect. D.C. is permanently and totally

disabled. D.C.'s losses are either permanent or continuing and plaintiff will suffer the losses in the future.

WHEREFORE, the Plaintiffs, CATHERINE CAPONAS and DAVID CAPONAS, as parents and natural guardians of D.C., a minor, demand judgment against the UNITED STATES OF AMERICA, for compensatory damages for D.C. of $100,000,000.00 and costs.

## COUNT II
## DERIVATIVE MEDICAL MALPRACTICE CLAIMS

28.  Plaintiffs, CATHERINE CAPONAS and DAVID CAPONAS, individually, reallege and incorporate the allegations set forth above in Count I.

29.  As a direct and proximate result of the above negligence and D.C.'s resultant permanent total disability, Plaintiffs, CATHERINE CAPONAS and DAVID CAPONAS, lost the companionship, society, love, affection, and solace of D.C. along with ordinary day-to-say services that he would have rendered during his period of minority.

WHEREFORE, the Plaintiffs, CATHERINE CAPONAS and DAVID CAPONAS, individually, demand judgment against the UNITED STATES OF AMERICA, for compensatory damages of $10,000,000 each for CATHERINE CAPONAS and DAVID CAPONAS and costs.

Dated: February 24, 2020.

Respectfully submitted,

By: s/ Alfred R. Bell, Jr., Esquire
Alfred R. Bell, Jr., Esquire
Fla. Bar No.: 109649
abell@injurylawyers.com
STEINGER, ISCOE & GREENE, P.A.
507 NW Lake Whitney Place
Port St. Lucie, FL 34986
Telephone: (772) 621-9934
Facsimile: (772) 621-9954
Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 24th day of February, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

By: s/ Alfred R. Bell, Jr., Esquire
Alfred R. Bell, Jr., Esquire